UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Barbara J. Stringer

    v.                                     Civil No. 16-cv-150-JD
                                            Opinion No. 2018 DNH 116

Home Depot U.S.A., Inc.

O R D E R

Barbara J. Stringer, who is proceeding pro se, brought claims against her former employer, Home Depot, arising from the treatment she received during her employment and the circumstances of her termination. Summary judgment was entered against Stringer on all claims. She now moves for reconsideration. Home Depot objects.

Standard of Review

Granting reconsideration of an order is "'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mtg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., 11 Federal Practice and Procedure § 2810.1 (2d ed. 1995)). For that reason, reconsideration is "appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the

original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).

A motion for reconsideration cannot succeed when the moving party is attempting "to undo its own procedural failures" or "advanc[ing] arguments that could and should have been presented earlier." Id. A motion for reconsideration also is not a means to reargue matters that were considered and rejected in the previous order. Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (internal quotation marks omitted).

## Discussion

Stringer contends that the order granting summary judgment must be reconsidered because material factual disputes exist.[1] She argues that the court incorrectly determined that Peter Tavano did not make the termination decision by himself. She also argues that the Investigation Review Summary creates a material factual dispute about the reason for her termination. Home Depot contends that the motion must be denied because Stringer has not met the standard for reconsideration.

---

[1] Stringer did not address the standard for a motion for reconsideration. As a result, she made no argument or showing that she met those requirements.

2

A.  Termination Decision

The record presented for purposes of summary judgment showed that Peter Tavano, the manager of the Home Depot Store where Stringer worked, recommended to Home Depot's Associate Advice and Counsel Group that Stringer's employment should be terminated. After an investigation, the Group, comprised of human resource professionals at Home Depot, agreed with Tavano's recommendation. Tavano then terminated Stringer's employment.

For purposes of reconsideration, Stringer cites deposition testimony of Frances Cianci, who was a member of the Group, to argue that Tavano, alone, made the decision to terminate her.[2] Cianci testified that the store manager makes the final termination decision, based on the recommendation of the Group. Cianci's testimony shows that Tavano's decision was based on the recommendation of the Group, as the evidence showed for purposes of summary judgment.

While it might have been possible for Tavano to decide not to terminate Stringer's employment, despite the recommendation of

---

[2] Home Depot presented evidence about the termination process in support of the motion for summary judgment. See Doc. no. 41-1, ¶¶ 68-72. Stringer did not contest the facts presented by Home Depot or argue that Cianci's testimony showed a different process. As such, her new argument is not appropriate in a motion for reconsideration. Further, whether or not Tavano made the termination decision, Stringer provided no evidence that she was terminated for any reason other than poor performance.

3

the Group, he chose to follow the Group's recommendation. Cianci's deposition testimony shows that the termination process was collaborative, not unilateral. Therefore, Cianci's testimony does not create a material factual dispute about the process used in Stringer's termination.

B. <u>Investigation Review Summary</u>

Stringer argues, as she did in her objection to summary judgment, that the Investigation Review Summary shows at least a factual dispute about why she was terminated. Stringer's theory was thoroughly considered and addressed at the hearing on the motion for summary judgment and in the order granting summary judgment. <u>See</u> Order, doc. no. 65, at 16-17 & 22. The investigation Review Summary does not provide evidence that she was terminated because of her gender, or for any other inappropriate reason. She provides no new evidence or law to support reconsideration of that issue.

C. <u>Reconsideration</u>

As is noted above, the standard for granting a motion for reconsideration is difficult to meet. Stringer has not shown that reconsideration is appropriate in this case.

4

## Conclusion

For the foregoing reasons, the plaintiff's motion for reconsideration (document no. 68) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 12, 2018

cc:  M. Amy Carlin, Esq.
     Jeffrey S. Siegel, Esq.
     Barbara J. Stringer, pro se